**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**LESLIE DOMINIC MUSGROVE,**

Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

Respondent.

Civil Action No.: 2:15-CV-36
Criminal Action No.: 2:11-CR-16-11
(BAILEY)

## REPORT AND RECOMMENDATION[1]

## I.   INTRODUCTION

On May 26, 2015, Petitioner Leslie Dominic Musgrove ("Petitioner" or

"Defendant"), acting *pro se*,[2] filed his first Motion [ECF No. 456] under 28 U.S.C. § 2255

to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the

"Petition").[3] On June 2, 2016, the Court entered an Order [ECF No. 521] Directing

Respondent to Answer the Petition. On June 30, 2016, Respondent filed its Response

[ECF No. 527] to the Petition. On September 19, 2016, Petitioner filed his Reply [ECF

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 2:11-CR-16-11 unless stated otherwise.

[2] On March 10, 2016, Petitioner filed a Motion [ECF No. 509] requesting court-appointed counsel for his section 2255 proceeding, which was denied. Therefore, on July 19, 2016, Petitioner informed the Court that he had retained Matthew T. Yanni, Esq., to represent him as his local counsel and Jeremy Brian Gordon, Esq., of Texas, to represent him *pro hac vice.* [ECF No. 535].

[3] The Petition, supporting brief and attached exhibits totaled over 200 pages. While Petitioner filed a Motion [ECF No. 458] for Leave to File Excess Pages, the Court ordered Petitioner to re-file the Petition and his supporting brief with the total pages of both not exceeding fifty. ECF No. 507. On April 29, 2016, Petitioner re-filed the Petition and his supporting brief in compliance with the Court's orders. ECF No. 515.

No. 546].[4] The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

## II.   BACKGROUND

### A.   Conviction, Sentence and Appeal

On April 11, 2011, a Criminal Complaint was filed against Petitioner, alleging that Petitioner had aided and abetted others in unlawfully distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. ECF No. 1, No. 2:11-MJ-12. On June 21, 2011, a federal grand jury returned a nineteen-count Superseding Indictment[5] against Petitioner and eleven other co-defendants (the "Indictment"). ECF No. 82. In the Indictment, Petitioner was charged with the following:

| | |
|---|---|
| Count One: | Conspiracy to possess with intent to distribute cocaine hydrochloride and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); |
| Count Three: | Aiding and abetting the possession with intent to distribute greater than 500 grams cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and |
| Count Fourteen: | Aiding and abetting distribution of greater than 5 grams methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. |

Id. at 1-2, 4, 15. The Indictment contained a forfeiture allegation. Id. at 21.

---

[4] On July 22, 2016, Petitioner filed a Motion [ECF No. 539] for an Extension of Time in which to file his Reply. On July 25, 2016, the Court entered a Paperless Order [ECF No. 539] granting Petitioner's Motion and extending Petitioner's deadline to September 26, 2016. Therefore, Petitioner's Reply has been timely filed.

[5] The original indictment did not name Petitioner as a defendant in the criminal action.

On February 21, 2012, a jury trial was held before United States District Judge John Preston Bailey. The trial lasted a total of two days. On February 22, 2012, the jury returned a verdict of guilty against Petitioner on Counts One and Three and of not guilty on Count Fourteen. ECF No. 278. On May 25, 2012, Petitioner filed a Pro Se Motion [ECF No. 317] to dismiss his trial counsel, Barry Beck, Esq., due to ineffective assistance and to have new counsel appointed to his case.

On June 7, 2012, a hearing was held before Judge Bailey regarding the merits of the Pro Se Motion. ECF No. 328. That same day, Mr. Beck's representation of Petitioner was terminated and Scott Curnutte, Esq.,was appointed as new counsel. ECF Nos. 329 & 330. On July 13, 2012, Petitioner filed another Pro Se Motion [ECF No. 338], requesting that Mr. Curnutte be dismissed from his case and to have a counsel of Petitioner's choice appointed. On July 20, 2012, the Court entered an Order [ECF No. 341] denying the Motion.

On October 23, 2012, a sentencing hearing was held before Judge Bailey. ECF No. 357 at 1. However, the hearing was continued to provide Defendant with time to prepare his *pro se* objections to the presentence report. Id. at 2. On November 26, 2012, the sentencing hearing resumed with Mr. Curnutte as Petitioner's counsel. After the hearing, Judge Bailey sentenced Petitioner to "360 months [of imprisonment] on each of Counts [One] and [Three], to be served concurrently." ECF No. 372 at 2. Additionally, Judge Bailey sentenced Petitioner to four years of supervised release "on each of Counts [One] and [Three], all such terms to run concurrently." Id. at 3.

On November 28, 2012, Petitioner filed a Notice of Appeal. ECF No. 374. Dorwin Wolfe, Esq., was appointed to represent Petitioner during his appeal. ECF No. 383. On

appeal, Petitioner contended that the district court had erred by: (1) "denying the last of several motions for a [trial] continuance;" (2) failing to compel the attendance of three defense trial witnesses; (3) declining to instruct the jury regarding the mechanics of a substantial assistance motion; (4) refusing his *pro se* request to call prosecution witness Shawn Rohrbaugh at sentencing and (5) overruling his objection to a two-point obstruction of justice sentencing enhancement. United States v. Musgrove, 545 F.App'x. 199, 200-02 (4th Cir. 2013). On October 30, 2013, the United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal in a *per curiam* opinion and affirmed Petitioner's conviction and sentence. Id. at 200, 202-03. On December 24, 2013, the Fourth Circuit's judgment went into effect. ECF No. 421. Subsequently, Petitioner filed a petition for *certiorari* to the United States Supreme Court, which was denied on June 9, 2014. Musgrove v. United States, 134 S. Ct. 2739 (2014).

### III.   **DISCUSSION**

#### A.   **Petitioner's Grounds for Relief**

In the Petition, Petitioner raises five grounds for relief. ECF No. 515. First, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel, Barry Beck, Esq., failed to conduct any pretrial investigation of his case. Id. at 5. Second, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his appellate counsel, Dorwin Wolfe, Esq., failed to raise on appeal the issue of Petitioner's lack of appropriate representation during "a post-conviction[,] pre-appeal hearing." Id. at 6. Third, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when Scott Curnutte, the attorney representing Petitioner during his sentencing hearing,

4

committed several alleged errors during the sentencing hearing. Id. at 8. Fourth, Petitioner argues that his Fifth Amendment right to due process was violated when the prosecuting attorney engaged in prosecutorial misconduct. Id. at 9. Finally, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when William Gruel and Timothy Sirk, the first two attorneys assigned to Petitioner's case, committed various errors prior to the trial. Id. at 15. Petitioner requests that the Court order any relief to which he may be entitled. Id. at 13-14.

**B.   Legal Standards**

**1.   Ineffective Assistance of Counsel Claims**

The United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing

court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. See Fields, 956 F.2d at 1297.

### 2. Prosecutorial Misconduct Claims

To prevail on a claim of prosecutorial misconduct, a petitioner must establish two elements. United States v. Golding, 168 F.3d 700, 702 (4th Cir.1999). First, the petitioner must show that the prosecutor's conduct was, in fact, improper. Id. Second, the petitioner must show that the prosecutor's conduct prejudiced the petitioner to such an extent as to deprive him or her of a fair trial. Id.

### C.   Analysis of the Petition

### 1.   Whether Petitioner's Grounds for Relief are Procedurally Defaulted

Generally, "issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion." Stevenson v. United States, 594 F. Supp. 2d 695, 701 (N.D. W. Va. 2009). However, two exceptions to this rule exist. First, ineffective assistance of counsel claims may be raised in a § 2255 motion. See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994) (stating that

ineffective assistance of counsel claims are "best left to collateral review" because "the record [on direct appeal] is usually inadequately developed"). Second, claims in which the defendant can show either "cause and actual prejudice or that he is actually innocent" may be raised in a § 2255 motion. Higginbotham v. United States, No. 1:09CR117, 2013 WL 2154810, at *6 (N.D. W. Va. May 17, 2013). To establish cause, a defendant must show "something external to the defense, such as the novelty of the claim." Id. To establish actual prejudice, a defendant must show that the error worked to his or "actual and substantial disadvantage, rather than just creating a possibility of prejudice." Id. (citations omitted). Finally, to establish actual innocence, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id.

In the present case, Petitioner failed to raise the arguments contained in the Petition in his direct appeal. However, Petitioner was not required to raise his first, second, third or fifth grounds for relief, which constitute ineffective assistance of counsel claims, in his direct appeal. Instead, these claims may properly be raised for the first time in a § 2255 proceeding. Regarding Petitioner's fourth ground for relief, which constitutes a prosecutorial misconduct claim, Respondent does not argue that the claim is procedurally barred. Therefore, the merits of each of Petitioner's grounds for relief will be examined in turn.

**2.      The Merits of Petitioner's Grounds for Relief**

 **a.      Ground One: Whether Petitioner's Trial Counsel Provided Ineffective Assistance**

Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel, Barry Beck, Esq., committed numerous

7

errors in his case. ECF No. 515 at 5. Respondent argues that Petitioner's claim is barred by the mandate rule. ECF No. 528 at 15.

The mandate rule provides that issues decided by an appellate court, either expressly or impliedly, may not be re-litigated in a trial court. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). However, certain exceptions to the mandate rule exist. See id. Specifically, a trial court may disregard the mandate rule if: (1) controlling legal authority has changed dramatically; (2) significant new evidence, which was not previously obtainable in the exercise of due diligence, has come to light or (3) a blatant error in the prior decision will, if uncorrected, result in a serious injustice. Id. at 67; United States v. Aramony, 166 F.3d 655, 662 (4th Cir.1999).

In the present case, the undersigned finds that Petitioner's first ground for relief is not barred by the mandate rule. While Petitioner raised the issue of the effectiveness of his trial counsel's assistance with the *trial* court, the issue was not decided by an *appellate* court. Respondent argues that, after filing a direct appeal, Petitioner "filed a *pro se* Supplemental Brief . . . wherein he alleged numerous grounds of ineffective trial counsel, including the instant ground." ECF No. 528 at 13-14. However, the Fourth Circuit deemed the brief a motion for leave to file a *pro se* supplemental brief, which it denied after it rejected Petitioner's appeal. Id. at 14. Therefore, the issue of whether Petitioner's trial counsel was ineffective was never actually litigated in an appellate court and the mandate rule does not apply. Accordingly, the undersigned will examine the merits of Petitioner's first ground for relief.

### i.      Failure to Investigate

Petitioner argues that Mr. Beck failed to conduct any pretrial investigation in his case. ECF No. 515 at 5. Petitioner further argues that, due to Mr. Beck's failure to investigate, which included a failure to subpoena certain phone records, Mr. Beck failed to discover exculpatory evidence. Id. Respondent argues that the trial court has already ruled that Mr. Beck's actions were reasonable, which Petitioner concedes. Id. at 5-6; ECF No. 528 at 13.

In the present case, the undersigned finds that Petitioner fails to meet his burdens under the Strickland two-pronged test. Regarding the "performance" prong of the test, Petitioner has failed to prove that Mr. Beck's conduct objectively falls outside of the wide range of reasonable professional assistance. After his trial, Petitioner filed a Pro Se Motion to dismiss Mr. Beck due to ineffective assistance of counsel, on which the trial court held a hearing. During the hearing, Mr. Beck explained that:

> [T]here were a number of [trial] witnesses [who] testified that [Petitioner had access to] . . . various telephones. The [G]overnment did not introduce . . . any phone records from the phone companies indicating that [these] phones . . . belonged to . . . [Petitioner] or someone else. That was a point that I made at trial . . . to try to establish reasonable doubt. . . . I did not subpoena the phone company records because, as a matter of strategy, . . . I felt it was better to leave that question open as to . . . [why] the [G]overnment hadn't produced any records showing that those phones belonged to [Petitioner].[6]
>
> [Regarding] the one phone record [that Petitioner believes is exculpatory evidence details] the phone number that the FBI said was . . . used to call Mr. Medina and his cousin, Mr. Moreno, in Washington . . . . Mr. Moreno and Mr. Medina said that those calls were from [Petitioner] . . . . Now, [Petitioner] thinks that the records would show that [the] phone hadn't been activated yet[,] . . . and that would prove something. For one thing, it

---

[6] In his Reply, Petitioner notes that the "more prudent strategy would have been to obtain any and all seeming exculpatory evidence." ECF No. 546 at 6. However, while Petitioner may disagree with Mr. Beck's strategy, a mere disagreement with counsel regarding trial strategy does not rise to the level of ineffective assistance.

> would prove the FBI was lying and that . . . the [G]overnment was lying and everyone else was lying. But that's . . . [his ineffective assistance of counsel claim]. And, I don't think I've done anything wrong in that regard . . . . It's just incredible what he's contending as far as that phone number is concerned. . . . [But] those phone records were not subpoenaed and they were not subpoenaed for a reason.

ECF No. 404 at 4-5. Based on Mr. Beck's testimony, the trial court ruled on October 22, 2012, that Mr. Beck's "strategic decisions . . . were reasonable." ECF No. 354 at 3-4. The undersigned agrees. However, assuming *arguendo* that Petitioner meets the "performance" prong of the test, Petitioner still fails to meet the "prejudice" prong. Indeed, Petitioner fails to show that Mr. Beck's conduct was so specious and severe that it deprived him of a fair trial or rendered the jury's verdict unreliable.[7] Instead, Petitioner merely speculates that, but for Mr. Beck's actions, the result of the trial would have been different. Consequently, Petitioner's argument is without merit and should be denied.

### ii.    Failure to Object to Untimely Disclosure of <u>Brady</u> Material

Petitioner argues that Mr. Beck failed to object and move for a continuance or a mistrial when the Government untimely disclosed the "stack of emails and documents" that it handed to Mr. Beck on the last day of trial. ECF No. 151-1 at 1. Petitioner further argues that the stack of emails and documents constituted <u>Brady</u> material that the

---

[7] Petitioner also argues that Mr. Beck failed to "investigate to see if agents obtained a warrant for the call site tracker." ECF No. 515-1 at 3. Similarly, Petitioner further argues that Mr. Beck failed to discover certain "debriefing reports" after it was discovered at trial that the Government had debriefed two witnesses several times but had only turned over the contents of one debriefing to the defense. and that Mr. Beck failed to locate a witness that had been debriefed by the Government for trial. <u>Id</u>. at 4-5. However, Petitioner does not allege that, had Mr. Beck conducted an investigation into any of these issues, the investigation would have yielded fruitful results or would have changed the outcome of his case. Therefore, these arguments fail because Petitioner cannot meet his burdens under the <u>Strickland</u> two-pronged test.

Government was required to turn in earlier. Respondent argues that Petitioner fails to meet all of the elements of a <u>Brady</u> claim. ECF No. 528 at 32-33.

If the Government suppresses <u>Brady</u> material, then the accused's due process rights are deemed violated, whether or not the suppression was committed in good or bad faith. <u>Brady</u>, 373 U.S. at 87. <u>Brady</u> material constitutes evidence that is both material and favorable to the accused. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). The disclosure of <u>Brady</u> material is governed by Local Rule of Criminal Procedure 16.05. Pursuant to Rule 16.05:

> Exculpatory evidence as defined in <u>Brady</u> . . . [must] be disclosed at the time the [pretrial] disclosures . . . are made. Additional <u>Brady</u> material not known to the [G]overnment at the time of disclosure of other discovery material . . . [must] be disclosed immediately upon discovery . . . .

LR Cr P 16.05.

In the present case, the undersigned finds that Petitioner fails to meet his burdens under the <u>Strickland</u> two-pronged test. Regarding the "performance" prong of the test, the undersigned initially notes that, like Petitioner's claim that Mr. Beck failed to conduct any pretrial investigation, Petitioner previously raised the issue of whether there was <u>Brady</u> material that was untimely disclosed before the trial court. <u>See</u> ECF No. 351. The trial court concluded that Petitioner was challenging the timeliness of the Government's disclosure of "the documents provided to [Petitioner] prior to Special Agent Timothy Ervin's testimony" and of "the phone records." ECF No. 354 at 7-8. However, the trial court ruled that "the documents provided . . . prior to Special Agent Timothy Ervin's testimony" actually contained inculpatory information subject to the

Jencks Act and were provided to the defense earlier than necessary. Id. (explaining that the Jencks Act does not require the disclosure of inculpatory information "[until] after testimony"). Moreover, the trial court ruled that "the phone records" were not protected under Brady because they were not material and would not have affected the outcome of the trial. Id. at 8.

The undersigned agrees with the trial court's findings. Therefore, Petitioner is unable to prove that Mr. Beck's failure to object to the timeliness of the contested documents' disclosure objectively falls outside of the wide range of reasonable professional assistance. Further, Petitioner is unable to prove that Mr. Beck required a continuance to review the disclosed information or that his failure to request a continuance objectively falls outside of the wide range of reasonable professional assistance.

Nevertheless, assuming arguendo that Petitioner meets the "performance" prong of the test, Petitioner still fails to meet the "prejudice" prong. Petitioner has not established how the result of the trial would have been any different had Mr. Beck objected to the timeliness of the contested information's disclosure. In fact, Petitioner filed a pro se motion with the trial court raising such an objection, which the trial court held had no merit. Moreover, Petitioner has not shown how a request for a continuance or mistrial by Mr. Beck would have changed the trial's result. Consequently, Petitioner's argument lacks merit and should be denied.

### iii.    Failure to Object to Perjured Testimony

Petitioner argues that Mr. Beck failed to object when FBI Agent Timothy Ervin falsely testified at trial that "the unsubpoenaed number (304) 616-1976 [was] on the

wiretap video when . . . the wiretap video omitted [that] number." ECF No. 515-1 at 2.

Similarly, Petitioner argues that Mr. Beck failed to introduce the entirety of the wiretap

recordings/logs at trial, "mislead[ing] the jury into believing that the number (304) 616-

1976 was on the wiretap recordings."[8] Id. at 3. Respondent argues that Mr. Beck was

not ineffective but made strategic trial decisions. See ECF No. 528 at 32-33.

After reviewing the trial testimony, the undersigned finds that these arguments

lack support. For example, during Petitioner's trial, Mr. Beck stated during the cross-

examination of Miguel Ordonez:

> Now, the telephone conversations that were just played here in court in
> the transcripts that were shown to the jury, it indicates -- it says: Call from
> [Petitioner] from 304-616-1976.

ECF No. 321 at 89. Therefore, it appears that the telephone number (304) 616-1976

was in fact on the wiretap logs and transcripts. Accordingly, Petitioner offers no factual

support for his claims and cannot sustain his burdens under the Strickland two-pronged

test. As a result, Petitioner's claims should be denied.

### iv.   Failure to Object to the Prosecution's Use of Two Separate Conspiracies in One Charge

Petitioner argues that Mr. Beck failed to object when the Government charged

him in Count One with conspiracy to possess with intent to distribute and to distribute

---

[8] Additionally, Petitioner challenges the Government's "cell site tracking of the number (304) 616-1976." ECF No. 515-1 at 3-4. However, Petitioner concedes that "the [G]overnment [was] willing not to use the cell site tracker as evidence [at trial]." Id. at 4. As a result, any issues surrounded the cell site tracking are moot. Petitioner also argues that Mr. Beck was misleading when he "[averred] that the cell site tracking of the number (304) 616-1976 was traced to [P]etitioner's home." Id. at 3. However, a review of the trial transcripts reveals that Mr. Beck never made such a statement to the jury. Moreover, the jury was instructed that any "[q]uestions, statements and arguments of counsel are not evidence in the case." ECF No. 276 at 3. Therefore, Petitioner is unable to meet his burdens under the Strickland two-pronged test and this argument is without merit.

cocaine hydrochloride and methamphetamine. Id.; ECF No. 1 at 1. Petitioner explains that:

> The [G]overnment used two distinct conspiracies to convict [him] of one conspiracy [charge] . . . . The [G]overnment used the West Virginia conspiracy to convict [him] on the methamphetamine portion of the conspiracy and . . . the Washington, D.C.[,] conspiracy to convict [him] on the cocaine portion of the conspiracy.

ECF No. 515-1 at 3. Respondent argues that Petitioner is unable to meet his burdens under the Strickland two-pronged test. ECF No. 528 at 16-18.

A "variance" occurs "when the evidence at trial establishes facts materially different from those alleged in the indictment." United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994). "In a conspiracy prosecution, a defendant may establish the existence of a . . . variance by showing that the indictment alleged a single conspiracy but that the government's proof at trial established the existence of multiple, separate conspiracies." Id. However, "[a] variance constitutes a legitimate grounds for reversal only if the appellant shows that the variance infringed his 'substantial rights' and thereby resulted in actual prejudice." Id.

In the present case, the undersigned finds that Petitioner's argument lacks merit. Mr. Beck filed a Motion [ECF No. 256] in limine requesting that the trial court "bar[ ] the Government from referring to, commenting about, introducing any documents or testimony, or presenting any argument concerning [Petitioner's] alleged involvement with members of an illegal drug distribution ring in the District of Columbia." As a result, Mr. Beck did not need to offer any further objections on the record. Consequently, Petitioner fails to meet his burdens under the Strickland two-pronged test and his argument fails.

###### v.      Failure to Object to Violations of a Court Order

Petitioner argues that Mr. Beck failed to object, move for a mistrial or file any post-trial motions after the prosecuting attorney violated a court order directing her to "allow [P]etitioner to view the original [wiretap] audio recordings in preparation for trial." ECF No. 515-1 at 2, 7. Respondent argues that no prosecutorial misconduct occurred. ECF No. 528 at 32-33.

The undersigned believes Petitioner is referring to the Order [ECF No. 185] dated October 5, 2011, in which the court denied Petitioner's Motion for an Expert to Examine Audio/Video Tapes [ECF No. 185] but declared that it would permit Petitioner "to listen to the original recording." After reviewing the Petition, it appears to the undersigned that Petitioner never utilized this opportunity. Regardless, Petitioner does not allege that the prosecuting attorney affirmatively acted to prevent his access to the original wiretap recordings. Therefore, to the extent that Petitioner is claiming that the prosecuting attorney violated the court's order, the undersigned finds that the argument has no merit and should be denied.

To the extent that Petitioner is claiming that Mr. Beck's counsel was ineffective, the undersigned finds that Petitioner fails to meet his burdens under the Strickland two-pronged test. Regarding the "performance" prong of the test, Petitioner fails to show that Mr. Beck's conduct objectively falls outside of the wide range of reasonable professional assistance. Moreover, Petitioner fails to show that he was prejudicially affected by Mr. Beck's actions. Indeed, while Petitioner argues that Mr. Beck failed to move for a mistrial or file any post-trial motions, Petitioner himself filed a Motion [ECF No. 288] for

a New Trial/Judgment of Acquittal. Consequently, Petitioner's argument is without merit and should be denied.

### vi.    Failure to Secure Petitioner's Presence at a Bench Conference

Petitioner argues that Mr. Beck failed to secure his presence during a February 22, 2012, bench conference[9] when he had the right to be present at all critical stages of trial. ECF No. 515-1 at 4. Respondent argues that Petitioner had no right to be present during the bench conference and that, even if he should have been present, such error was harmless in nature. ECF No. 528 at 27-29.

While a defendant has the right to be present at all *critical* stages of a trial, a defendant does not have the right to be present at every bench or sidebar conference. See, e.g., Rowe v. Painter, No. CIV.A. 3:00-0359, 2001 WL 34554178, at *1 (S.D.W. Va. Mar. 27, 2001). If a defendant is denied his right to be present during a critical stage, the error is considered harmless unless the defendant can offer a specific showing of prejudice. See United States v. Tipton, 90 F.3d 861, 875 (4th Cir. 1996) (stating that a "total denial of any effective participation [during a critical stage] . . . might [constitute] a [showing] of prejudice").

In the present case, the undersigned finds that Petitioner was not denied his right to be present at all critical stages of the trial. Petitioner points to no legal authority to support his claim that the bench conference constituted a critical stage of the trial. Nevertheless, assuming *arguendo* that Petitioner was entitled to be present during the conference, Petitioner has not demonstrated the requisite prejudice. Petitioner's counsel was present during the bench conference to represent Petitioner's interests. Moreover,

---

[9] Petitioner explains that the bench conference occurred after "the jury asked the court for a computer to view the wiretaps in their visual form." ECF No. 515-1 at 4.

it does not appear that Petitioner's absence impaired the fairness of the trial or impeded Petitioner's ability to defend himself in any way. Consequently, Petitioner's argument is without merit and should be denied.

### vii.    Failure to Object to Violation of Speedy Trial Rights

Petitioner further argues that his trial counsel, Mr. Beck, provided ineffective assistance of counsel by failing to object to the violation of his Speedy Trial rights. ECF No. 515-1 at 5-6. Respondent argues that Mr. Beck's Speedy Trial rights were not violated. See ECF No. 528 at 24-27.

Pursuant to 18 U.S.C. § 3161, a defendant has the right to a speedy trial. 18 U.S.C. § 3161. In the present case, however, the undersigned finds that Petitioner's Speedy Trial rights were not violated. Petitioner was indicted on June 21, 2011, and his trial began February 21, 2012, eight months after the Indictment was filed. This eight-month delay was not uncommonly long. It also appears that the eighth-month delay was necessary for the parties to prepare for the trial. Therefore, Petitioner is unable to meet his burdens under the Strickland two-pronged test and this argument fails. See United States v. Grimmond, 137 F.3d 823, 827 (4th Cir.1998) (ruling that no Sixth Amendment speedy trial violation occurred despite a 35-month delay between indictment and arraignment).

### viii.    Failure to Raise Certain Objections

Petitioner argues that Mr. Beck failed to raise certain objections, including objections to: (1) the trial court's decision to "not allow[ ] [P]etitioner a voice analysis . . . so that he could prove that it was not his voice on the [wiretap] recordings;" (2) the trial court's decision to cancel an evidentiary hearing and (3) testimony of the Government's

main witness, Jaime Medina, which resulted in Mr. Beck's failing to "point out . . . impeachment material to the jury."[10] ECF No. 515-1 at 6-8. Respondent argues that Petitioner fails to meet his burdens under the <u>Strickland</u> two pronged test. ECF No. 528 at 29-31.

The undersigned finds that Petitioner fails to meet his burdens under the <u>Strickland</u> two-pronged test. Regarding the "performance" prong of the test, Petitioner fails to show that Mr. Beck's conduct objectively falls outside of the wide range of reasonable professional assistance. Trial strategy, including whether a witness should be cross-examined, how to conduct the cross-examination, how to impeach a witness and whether to raise objections that do not involve the exercise or waiver of basic trial rights, fall within the purview of trial counsel. <u>See, e.g.</u>, <u>United States v. Chapman</u>, 593 F.3d 365, 368 (4th Cir. 2010) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed."). Moreover, Petitioner fails to meet the "prejudice" prong because he has not shown that, at most, anything other than harmless error occurred. Instead, Petitioner merely speculates that the outcome of the trial would have been different but for Mr. Beck's actions. Consequently, Petitioner's argument is without merit and should be denied. Consequently, all of the arguments comprising

---

[10] Additionally, Petitioner argues that Mr. Beck failed to object to the trial court's decision to not grant Petitioner's request for a continuance. ECF No. 515-1 at 7-8. However, because Petitioner raised the issue of the trial court's denial of his request for a continuance in his direct appeal and the Fourth Circuit held that the trial court did not err in denying the request, Petitioner is barred from again raising the issue, even if it is couched as an ineffective assistance of counsel claim, by the mandate rule. <u>See</u> <u>Musgrove</u>, 545 F. App'x at 200 (holding that the trial court did not abuse its discretion in denying Petitioner's request for a continuance).

Petitioner's first ground for relief are without merit and should be denied.

### b.   Ground Two: Whether Petitioner's Appellate Counsel Provided Ineffective Assistance

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his appellate counsel, Dorwin Wolfe, Esq., failed to raise the previously discussed alleged errors of the trial court and trial counsel on appeal. ECF No. 515-1 at 8-10. Respondent argues that Petitioner fails to meet his burdens under the Strickland two-pronged test. ECF No. 528 at 18.

The undersigned agrees with Respondent that Petitioner fails to meet his burdens under the Strickland two-pronged test. Regarding the "performance" prong of the test, Petitioner has failed to prove that Mr. Wolfe's conduct objectively falls outside of the wide range of reasonable professional assistance. "When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal." Johnson v. United States, No. CIV.A. 5:05-0412, 2008 WL 5869692, at *4 (S.D. W. Va. June 16, 2008). As the undersigned has already determined, Petitioner's claims against trial counsel are meritless. Therefore, there can be no ineffective representation of appellate counsel for failing to raise those meritless claims. Because Petitioner fails to meet the performance prong, there is no need to address the prejudice prong.

Petitioner further argues that Mr. Wolfe failed to review "the full record" before filing Petitioner's appeal. ECF No. 515-1 at 10. The undersigned finds, however, that this argument also fails to meet Petitioner's burdens under the Strickland two-pronged test. Assuming *arguendo* that Petitioner meets the "performance" prong of the test, Petitioner fails to meet the "prejudice" prong. To illustrate, Petitioner fails to show that,

had Mr. Wolfe reviewed the full record, he would have discovered a claim with merit that would likely have resulted in a successful appeal. Consequently, all of the arguments comprising Petitioner's second ground for relief are without merit and should be denied.

###### c. Ground Three: Whether Petitioner's Sentencing Counsel Provided Ineffective Assistance

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when Scott Curnutte, the attorney representing Petitioner during his sentencing hearing, committed several alleged errors during the sentencing hearing. ECF No. 515 at 8. Respondent argues that Mr. Curnutte provided effective assistance. ECF No. 528 at 29-31.

First, Petitioner raises several arguments relating to Mr. Curnutte's failure to decrease his relevant conduct.[11] ECF No. 515 at 8. For example, Petitioner contends that Mr. Curnutte failed to object to the relevant conduct "not derived from trial testimony" and failed to subpoena phone records and witness Shawn Rohrbaugh[12] that would have refuted the relevant conduct. ECF No. 515-1 at 10. However, the undersigned finds that this argument has little merit. Mr. Beck, prior to his dismissal from the case, filed seventeen objections to the presentence report that calculated Petitioner's relevant conduct. ECF No. 371 at 39-62. Many of these objections related to Petitioner's relevant conduct. See id. Because these objections were made part of the record, Mr. Curnutte did not need to repeat the objections once he was assigned to the case.

---

[11] Petitioner's relevant conduct totaled "10,178.65 kilograms of marijuana equivalent." ECF No. 371 at 24.

[12] The undersigned notes that Petitioner raised the issue of the trial court's refusal to subpoena Shawn Rohrbaugh for the sentencing hearing in his direct appeal and that, therefore, Petitioner is barred by the mandate rule from raising the issue in the Petition. Nevertheless, the undersigned will examine the merits of the issue for the sake of thoroughness.

Moreover, Petitioner filed several Pro Se Motions prior to his sentencing hearing addressing the issues he is now contesting. On October 26, 2012, Petitioner filed a Pro Se Motion [ECF No. 358] "requesting a subpoena form to subpoena phone records from a company," which was denied because the phone records did not pertain to the sentencing hearing. ECF No. 360 at 1. Likewise, on November 5, 2012, Petitioner filed a Pro Se Motion [ECF No. 365] contending that Mr. Curnutte "never made any of the objections" that he requested and never subpoenaed the witnesses that he requested be present at the sentencing hearing. The sentencing court ruled, however, that Petitioner's disagreement with Mr. Curnutte's tactical decisions did not amount to ineffective assistance of counsel. ECF No. 406 at 4. The undersigned agrees and finds that Petitioner is unable to meet his burdens under the Strickland two-pronged test. More specifically, Petitioner is unable to show that Mr. Curnutte's conduct objectively falls outside of the wide range of reasonable professional assistance or that he suffered the requisite prejudice.

Second, Petitioner argues that Mr. Curnutte was ineffective because he failed to object to Petitioner's lack of impartial counsel during the June 7, 2012, hearing, in which the effectiveness of Mr. Beck's representation of Petitioner was at issue. ECF No. 515-1 at 10. The undersigned disagrees. While a federal habeas petitioner is entitled to "independent counsel . . . to investigate and pursue . . . ineffective assistance [of trial counsel] claims," Petitioner offers no legal authority to support his claim that he was entitled to new counsel for his June 7, 2012, hearing. Fowler v. Joyner, 753 F.3d 446, 462 (4th Cir. 2014). As a result, Petitioner is not able to meet his burdens under the

<u>Strickland</u> two-pronged test. Consequently, Petitioner's third ground for relief is without merit and should be denied.

### d.    Ground Four: Whether the Prosecuting Attorney Engaged in Misconduct

Petitioner argues that his Fifth Amendment right to due process was violated when the prosecuting attorney engaged in prosecutorial misconduct. ECF No. 515 at 9. Specifically, Petitioner argues that the prosecuting attorney: (1) delayed in the disclosure of exculpatory evidence; (2) misled the jury by presenting a trial exhibit of a wiretap transcript depicting that the wiretapped phone called the phone number (304) 616-1976, even though four trial witnesses testified that the identified phone number "was the number called on the wiretap" and (3) withholding the debriefings of several government witnesses.[13] ECF No. 515-1 at 11-14.

The undersigned finds that Petitioner's arguments lack merit. To establish prosecutorial misconduct, a defendant must show: (1) "that the prosecutor's remarks or conduct were improper" and (2) "that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." <u>United States v. Caro</u>, 597 F.3d 608, 625 (4th Cir. 2010). In the present case, assuming *arguendo* that the prosecutor engaged in misconduct, Petitioner fails to show that the misconduct prejudicially affected his substantial rights so as to deprive him of a fair trial. While Petitioner argues

---

[13] Additionally, Petitioner argued that the prosecuting attorney misled the jury by presenting only the "audio version of the wiretaps and not . . . [the visual] form." ECF No. 515-1 at 11. This argument, however, does not assert a claim of prosecutorial misconduct but instead asserts a claim of ineffective assistance of trial counsel. Regardless, the undersigned finds that the argument fails the <u>Strickland</u> two-pronged test for two reasons. First, regarding the "performance" prong of the test, Petitioner cannot show that the trial counsel's strategic decision to not introduce the "visual form" of the wiretaps as a trial exhibit objectively falls outside of the wide range of reasonable professional assistance. Second, regarding the "prejudice" prong of the test, Petitioner cannot show that his trial counsel's strategic decision deprived him of a fair trial or rendered the jury's verdict unreliable.

that the prosecutor delayed disclosing exculpatory evidence, he does not allege that the prosecutor withheld the evidence. Moreover, Petitioner has not shown how the outcome of the trial would have been different if the prosecutor had not included the phone number (304) 616-1976 in the trial exhibit of the wiretap transcript or if the prosecutor had provided the debriefings of its witnesses.[14] Therefore, Petitioner has not shown the requisite prejudice and his arguments fail.

Petitioner further argues that the prosecuting attorney violated his Speedy Trial rights. ECF No. 515-1 at 14. However, Petitioner was indicted on June 21, 2011, and his trial began February 21, 2012, eight months after the Indictment was filed. This eight-month delay was not uncommonly long. It also appears that the eighth-month delay was necessary for the parties to prepare for the trial. Therefore, the undersigned finds that Petitioner's fourth ground for relief is without merit and should be denied. See Grimmond, 137 F.3d at 827 (ruling that no Sixth Amendment speedy trial violation occurred despite a 35-month delay between indictment and arraignment).

### e.  Ground Five: Whether Petitioner's Pretrial Counsel Provided Ineffective Assistance

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when William Gruel and Timothy Sirk, the first two attorneys assigned to Petitioner's case, committed various errors prior to the trial. ECF No. 515-1 at 15. Specifically, Petitioner contends that Mr. Gruel:

- Failed to subpoena Shawn Rohrbaugh to attend the August 9, 2011, Motions Hearing;
- Failed to object when Petitioner was held for 120 days before before having a detention hearing;[15]

---

[14] The undersigned notes that Petitioner does not allege that the debriefings contain relevant evidence that is favorable to him.

[15] Petitioner's Initial Appearance was held on April 12, 2011. ECF No. 128 at 1. At that

- Failed to object to the search warrant used to search Petitioner's home, which was not accompanied by an attachment detailing the particular items to be seized from the home at the time of the search and
- Failed to object when members of the Eastern Panhandle Drug and Violent Crimes Task Force, who executed the search of Petitioner's home, "changed their story" and filed two separate affidavits detailing "why they searched [P]etitioner's home."

Id. at 15-16. Additionally, Petitioner contends that Mr. Sirk:

- Failed to object to his denial of a speedy trial after the trial court granted three of the Government's motions to continue and delayed the trial for ninety days;
- Failed to conduct any pretrial investigation and
- Failed to object when the trial court denied his Motion [ECF No. 185] to have an expert review the audio/video tapes at issue in the case.

Id. at 16.

Regarding Petitioner's claims against Mr. Gruel, the undersigned finds that Petitioner fails to meet his burdens under the Strickland two-pronged test. Regarding the "performance" prong of the test, Petitioner fails to demonstrate how Mr. Gruel's conduct objectively falls outside of the wide range of reasonable professional assistance. As previously discussed, disagreeing with counsel's strategy does not render counsel's conduct unreasonable. Moreover, Petitioner's contentions of Fourth Amendment violations are not cognizable at this time because, as demonstrated by the Motion [ECF No. 114] to suppress evidence that Petitioner filed on July 22, 2011, Petitioner previously received an opportunity to litigate these issues. See Stone v.

---

time, the Government moved to detain Petitioner. Id. On April 15, 2011, a Detention/Bond Hearing was held before United States Magistrate Judge David Joel. Id. Judge Joel determined that Petitioner was ineligible for a bond hearing in federal court because he was being held on state charges. Id. However, Judge Joel stated that Petitioner may file a motion for bond if his status were to change. Id. Subsequently, after Petitioner continued to express dissatisfaction over his detention, a Detention Hearing was held on August 9, 2011, "to fully address [Petitioner's] concerns." Id. at 4. However, Petitioner remained detained. ECF No. 144.

Powell, 428 U.S. 465, 495 (1976) (holding that Fourth Amendment claims are not cognizable on collateral review if a defendant previously received a full and fair opportunity to litigate his claims). Therefore, Petitioner is unable to meet the "performance" prong of the Strickland test.

Nevertheless, assuming *arguendo* that Petitioner satisfies the "performance" prong, Petitioner still fails to meet the "prejudice" prong. Indeed, Petitioner fails to demonstrate how the conduct of Mr. Gruel, who was assigned to Petitioner's case for a time period of less than two months and who participated in only pretrial matters, effected the ultimate judgment in this case. Consequently, Petitioner's claims against Mr. Gruel are meritless and should be denied.

Regarding Petitioner's claims against Mr. Sirk, the undersigned finds that the claims have no merit. As previously discussed, Petitioner was not denied a speedy trial. Petitioner was indicted on June 21, 2011, and his trial began February 21, 2012, eight months after the Indictment was filed. This eight-month delay was not uncommonly long and was necessary for the parties to prepare for the trial. See Grimmond, 137 F.3d at 827 (ruling that no Sixth Amendment speedy trial violation occurred despite a 35-month delay between indictment and arraignment). However, assuming *arguendo* that Petitioner satisfies the "performance" prong,[16] Petitioner has not demonstrated the requisite prejudice. Mr. Sirk was assigned to Petitioner's case for approximately five months and participated in only pretrial matters. Mr. Beck represented Petitioner during

---

[16] On January 10, 2012, Mr. Sirk filed a Motion [ECF No. 219] to withdraw from Petitioner's case, stating that he had "exercis[ed] poor professional . . . judgment" when accepting the case and "ha[d] been unable to effectively represent [Petitioner]." Despite the emphasis placed on Mr. Sirk's admission by Petitioner, it does not automatically constitute an ineffective assistance of counsel claim. To the contrary, Petitioner must still satisfy the second prong of the Strickland two-pronged test.

the trial and, prior to the start of the trial, stated that he "believe[d] that he [had] done everything reasonably possible under the circumstances to represent [Petitioner] and prepare for [the] trial." ECF No. 221 at 1. Therefore, Petitioner has not shown how Mr. Sirk's conduct affected the ultimate judgment. As a result, Petitioner's fifth ground for relief is without merit and should be denied.

## IV.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF Nos. 456] be **DENIED** and that the § 2255 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the

Administrative Procedures for Electronic Case Filing in the United States District Court

for the Northern District of West Virginia.

Respectfully submitted this 13th day of March, 2017.

_____

ROBERT W. TRUMBLE

UNITED STATES MAGISTRATE JUDGE