**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**


**LESLIE DOMINIC MUSGROVE,**

     Petitioner,

**v.**                                                                      **Civil Action No.  2:15-CV-36**
                                                      **Criminal No.  2:11-CR-16-11**
                                                      **(BAILEY)**

**UNITED STATES OF AMERICA,**

     Respondent.


<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble.  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R.  Magistrate Judge Trumble filed his R&R on March 13, 2017 [Crim. Doc. 551; Civ. Doc. 11].   In that filing, the magistrate judge recommended that this Court deny petitioner's 28 U.S.C. § 2255 motion ("§ 2255 Motion") [Crim. Doc. 456; Civ. Doc. 1[1]], and dismiss this action from the docket.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of

---

[1] Hereinafter, this Court will solely reference the docket numbers of the Criminal Action.

1

the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The petitioner timely filed his objections [Doc. 554] on April 27, 2017. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects.  The remainder of the R&R will be reviewed for clear error.

## I.  Background

On June 21, 2011, petitioner was charged with three counts of a nineteen count Superseding Indictment: (1) Count One: Conspiracy to possess with intent to distribute cocaine hydrochloride and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); (2) Count Three: Aiding and abetting the possession with intent to distribute greater than 500 grams cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) Count Fourteen: Aiding and abetting distribution of greater than 5 grams methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 [Doc. 82 at 1-2, 4, 15].  On February 21, 2012, a two-day jury trial was held before this Court [Doc. 249], after which the jury returned a verdict of guilty against petitioner on Counts One and Three and of not guilty on Count Fourteen

2

[Doc. 278].

Petitioner then filed a *pro se* Motion to Dismiss his trial counsel, Barry Beck, Esq. ("attorney Beck"), due to ineffective assistance and to have new counsel appointed to his case on May 25, 2012 [Doc. 317].  Shortly thereafter, on June 7, 2012, attorney Beck was terminated as petitioner's counsel and Scott Curnutte, Esq. ("attorney Curnutte"), was appointed as new counsel [Docs. 329 & 330].  Then, on July 13, 2012, petitioner filed another *pro se* Motion [Doc. 338] requesting that attorney Curnutte be dismissed from his case, which this Court denied by Order on July 20, 2012 [Doc. 341].  After an initial sentencing hearing was continued while petitioner to allow petitioner time to prepare *pro se* Objections to the PSR, this Court held a sentencing hearing on November 26, 2012 with attorney Curnutte acting as petitioner's counsel [Doc. 370].  After the hearing, Judge Bailey sentenced petitioner to "360 months [of imprisonment] on each of Counts [One] and [Three], to be served concurrently" [Doc. 372 at 2].  Additionally, Judge Bailey sentenced Petitioner to four years of supervised release "on each of Counts [One] and [Three], all such terms to run concurrently" [Id. at 3].

On November 28, 2012, petitioner filed a Notice of Appeal wherein he again requested new counsel [Doc. 374].  On December 13, 2012, the Fourth Circuit appointed Dorwin J. Wolfe, Esq. ("attorney Wolfe"), to represent petitioner during his appeal [Doc. 383].  On appeal, petitioner contended that the district court had erred by: (1) "denying the last of several motions for a [trial] continuance;" (2) failing to compel the attendance of three defense trial witnesses; (3) declining to instruct the jury regarding the mechanics of a substantial assistance motion; (4) refusing his *pro se* request to call prosecution witness

3

Shawn Rohrbaugh at sentencing, and (5) overruling his objection to a two-point obstruction of justice sentencing enhancement. *United States v. Musgrove*, 545 F.App'x. 199, 200-02 (4th Cir. 2013). On October 30, 2013, the United States Court of Appeals for the Fourth Circuit denied petitioner's appeal in a *per curiam* opinion and affirmed petitioner's conviction and sentence. *Id.* at 200, 202-03. Subsequently, petitioner filed a petition for *certiorari* to the United States Supreme Court, which was denied on June 9, 2014. *Musgrove v. United States*, 134 S. Ct. 2739 (2014). The instant § 2255 Motion followed.

## II. <u>Legal Standards</u>

### a. Ineffective Assistance of Counsel:

"The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Hope v. Cartledge*, 857 F.3d 518, 523 (4th Cir. 2017) (*citing Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)). The United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* To satisfy the second or "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Consequently,

4

if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See **id.*** at 691.  Absent certain situations where the reliability of a trial becomes so questionable that the defendant need not show that he was actually prejudiced and prejudice is instead presumed, a defendant must show that his counsel's performance was deficient and prejudicial to prevail on a claim of ineffective assistance of counsel in accordance with ***Strickland***.  ***United States v. Ragin***, 820 F.3d 609, 612 (4th Cir. 2016) (*citing **United States v. Cronic***, 466 U.S. 648 (1984)).

### III.  Analysis

While petitioner raises five grounds for relief in his Petition [Doc. 515], he only raises objections to two of those points, which, in turn, this Court shall review *de novo* [Doc. 554].

A.  Trial Counsel's Purported Failure to Investigate:

First, Musgrove argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel, attorney Beck, failed to conduct any pretrial investigation of his case, subpoena phone records, and failed to discover exculpatory evidence [Doc. 515 at 5].  In his Objections to the R&R, petitioner contends that, "[attorney Beck] could not have adequately investigated the phone records as they were not subpoenaed by him," and, therefore, he was, "in no position to determine whether the recordings were exculpatory" [Doc. 554 at 4].  Specifically, he contends that while, "attorney Beck relied on 'trial strategy' as a reason for not subpoenaing the phone records . . . Mr. Beck never provides detail or reason behind said 'strategy'" [Id. at 3].  This is patently false, and petitioner cannot meet his "reasonableness" burden imposed by ***Strickland***.

Before examining the substance of petitioner's claims, this Court begins with the guiding principle that, "[C]ourts considering a claim of ineffective assistance should not second-guess strategic decisions of counsel." *Hoots v. Allsbrook*, 785 F.2d 1214, 1219 (4th Cir. 1986) (citing *Strickland*, 466 U.S. at 689–90).  Indeed, the Supreme Court in *Strickland* noted:

> "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."

*Strickland*, 466 U.S. at 690-691 (*see also* *Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003)).  As such, when assessing an investigation of evidence, this Court must conduct, "[a]n objective review of [an attorney's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins*, 539 U.S. at 523.  It is clear, upon careful review of attorney Beck's strategic decisions at the time of trial and in the lead-up thereto, that his conduct was reasonable under *Strickland*.

This Court notes that on October 15, 2012, petitioner filed a series of *pro se* Motions, including a Motion for Ineffective [Assistance of] Counsel [Doc. 351].  Attached to that Motion is a four page letter from attorney Beck to petitioner, dated February 29, 2012, wherein Beck outlines, in substantial detail, his reasons for not subpoenaing the phone records which are at issue here [see Doc. 351-3 at 1-3].  While this Court declines

6

to reproduce the entirety of attorney Beck's rationale herein, this Court is satisfied that with the explanation offered by attorney Beck for his decision not to subpoena the phone records.  Additionally, on June 7, 2012, attorney Beck testified in person as to his rationale for choosing not to subpoena the phone records at issue [Doc. 404].  During that hearing, as noted in the R&R, attorney Beck testified:

> "[T]here were a number of [trial] witnesses [who] testified that [petitioner had access to] . . . various telephones. The [G]overnment did not introduce . . . any phone records from the phone companies indicating that [these] phones . . . belonged to . . . [petitioner] or someone else. That was a point that I made at trial . . . to try to establish reasonable doubt. . . . I did not subpoena the phone company records because, as a matter of strategy, . . . I felt it was better to leave that question open as to . . . [why] the [G]overnment hadn't produced any records showing that those phones belonged to [petitioner]. [Regarding] the one phone record [that petitioner believes is exculpatory evidence details] the phone number that the FBI said was . . . used to call Mr. Medina and his cousin, Mr. Moreno, in Washington . . . . Mr. Moreno and Mr. Medina said that those calls were from [petitioner] . . . . Now, [petitioner] thinks that the records would show that [the] phone hadn't been activated yet[,] . . . and that would prove something. For one thing, it would prove the FBI was lying and that . . . the [G]overnment was lying and everyone else was lying. But that's . . . [his ineffective assistance of counsel claim]. And, I don't think I've done anything wrong in that regard. . . It's just incredible what he's contending as far as that phone number is concerned. . . . [But] those phone records were not subpoenaed and they were not subpoenaed for a reason."

[Doc. 404 at 4-5].

Based upon the entirety of attorney Beck's testimony offered that day, this Court ruled that attorney Beck should be relieved of his obligations as counsel to petitioner and denied petitioner's *pro se* Motion for Ineffective Counsel, Motion for Violation of Due Process and Violation of Speedy Trial [Doc. 357; Doc. 404 at 7].  Then, on October 22, 2012, this Court determined, based upon both attorney Beck's letter and his testimony that his "strategic decisions [regarding the phone records] . . . were reasonable." [Doc. 354 at

3-4]. This Court finds, again, that attorney Beck's decision not to subpoena those phone records was entirely reasonable, and was a strategic decision which should not be second guessed or otherwise disturbed.

Petitioner has not remotely met the "performance" prong of the *Strickland* test through his arguments, for he has not demonstrated that attorney Beck's performance "was deficient . . . [in] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Petitioner further fails to meet the "prejudice" prong of the *Strickland* test, for he has not shown that attorney Beck's conduct was so egregious that it deprived him of a fair trial guaranteed by the Sixth Amendment. Petitioner argues that because attorney Beck, "could not have adequately investigated the phone records as they were not subpoenaed by him," and that this, "cannot be said to have been sound and reasonable trial strategy" [Doc. 554]. Based upon attorney Beck's entirely reasonable explanation for this decision, it cannot be said that his conduct and performance at trial somehow prejudiced the defendant. Consequently, petitioner's argument is without merit and is denied.

B. Counsel's Alleged Failure to "Raise a Fatal Variance":

Next, petitioner alleges that his, "trial and appellate counsel were ineffective for failing to object to a 'variance' in which 'the evidence at trial establish[d] facts materially different from those alleged in the indictment.' *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994)" [Doc. 554 at 4]. First, he argues that attorney Beck was ineffective when he failed to object to a variance because:

> "The [G]overnment used two distinct conspiracies to convict [him] of one conspiracy [charge] . . . . The [G]overnment used the West Virginia

8

conspiracy to convict [him] on the methamphetamine portion of the conspiracy and . . . the Washington, D.C.[,] conspiracy to convict [him] on the cocaine portion of the conspiracy."

[Doc. 515-1 at 3].  In the R&R, Magistrate Judge Trumble notes that attorney Beck filed a Motion in Limine [Doc. 256] requesting that the trial court bar, "the Government from referring to, commenting about, introducing any documents or testimony, or presenting any argument concerning [petitioner's] alleged involvement with members of an illegal drug distribution ring in the District of Columbia."  As such, Magistrate Judge Trumble found that attorney Beck did not need to offer any further objections on the record.  For his part, petitioner argues that because, "a material variance [objection] cannot occur until after evidence is presented at trial . . .  counsel's pretrial motion could not serve as a substitute for a legitimate challenge to the material variance from the indictment" [Doc. 554 at 5].  Therefore, he argues that attorney Beck was ineffective for failing to object to the prospective variance, yet cites no case law in support of this argument [Id.].  However, this argument is misplaced.

First, this Court must clarify the Fourth Circuit case law concerning variances in conspiracy prosecutions.  "The question whether the evidence shows a single conspiracy or multiple conspiracies . . . is one of fact and is properly the province of the jury.  Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals."  ***United States v. Leavis***, 853 F.2d 215, 218 (4th Cir. 1988).  In examining this finding, the jury's verdict, "must stand unless the evidence, taken in the light most favorable to the Government, would not allow any reasonable juror to reach such a verdict."  ***United States v. Bollin***, 264 F.3d 391, 405 (4th Cir. 2001).  Furthermore, "even

if the evidence established separate conspiracies, a variance is grounds for reversal only

if it infringed the defendant's substantial rights and thereby resulted in actual prejudice."

*Id.* at 406 (internal quotation marks omitted).

Here, it is clear that petitioner cannot meet the burden imposed by ***Strickland*** to

demonstrate that attorney Beck was ineffective by failing to move for a variance after the

trial, given that he filed a Motion in Limine to seek the introduction of evidence regarding

separate conspiracies.  As noted in the R&R, on February 13, 2012, attorney Beck filed a

Motion [Doc. 256] in Limine requesting that the trial court "bar[ ] the Government from

referring to, commenting about, introducing any documents or testimony, or presenting any

argument concerning [petitioner's] alleged involvement with members of an illegal drug

distribution ring in the District of Columbia."  This Court denied that Motion by Order dated

February 27, 2012, finding that, "Count One of the Superceding Indictment alleges that the

conspiracy included 'other persons known and unknown to the Grand Jury,'" and that the

Superceding Indictment further states that, "the alleged conspiracy began in or about

October 2010 and 'continu[ed] to on or about April 9, 2011, in Hardy and Berkeley

Counties, within the Northern District of West Virginia, and elsewhere . . ..'"  This Court

held that which attorney Beck sought to bar, "has a tendency to make existence of a fact

that is of consequence to the determination of this action more probable or less probable

than it would be without the evidence," because of its relevance to charges against the

defendant contained in the Superceding Indictment [Doc. 269 at 3-4].  Accordingly,

petitioner's allegation that attorney Beck's filing the Motion in Limine, without more,

constitutes ineffective assistance is unavailing.  This Court agrees with Magistrate Judge

Trumble in that petitioner has not met his burden of proving that attorney Beck was ineffective regarding the purported multiple conspiracies, and petitioner has failed to meet his burdens under the ***Strickland*** two-pronged test.

    <u>C</u>.  <u>Petitioner's Motion for Discovery</u>:

Petitioner also filed a Motion for Discovery [Doc. 555] on July 12, 2017.  Additionally, and in light of the above, this Court has carefully reviewed petitioner's Motion for Discovery and finds that the same is unavailing, as the facts and evidence before this Court are sufficient to rule upon this Motion.  Accordingly, petitioner's Motion for Discovery is denied.

## **IV**.  **Conclusion**

Upon careful review of the record, this Court hereby **ADOPTS** the magistrate judge's Report and Recommendation **[Crim. Doc. 551; Civ. Doc. 11]** for the reasons stated above, and the petitioner's Objections **[Crim. Doc. 554]** are **OVERRULED**.  Accordingly, this Court hereby **DENIES** and **DISMISSES** the petitioner's § 2255 petition **[Crim. Doc. 456; Civ. Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court.  Additionally, petitioner's **Motion for Discovery [Crim. Doc. 555; Civ. Doc. 12]** is **DENIED**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 20, 2017.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE